**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant-Cross-Appellee,

v.

DEVONTE DEVON JACKSON,

GIANN ICOB SALAZAR DEL REAL,

JORGE ENRIQUEZ, JR.,

SHAMAR TYRELL GARCIA,

Defendants-Appellees-Cross-Appellants.

C.A. Nos. 25-6214 & 25-6470,
25-6223 & 25-6475,
25-6224 & 25-6465,
25-6229 & 25-6468

D.C. Nos. 2:25-cr-240, 2:25-cr-227,
3:25-cr-26, 2:25-cr-230
(D. Nev.)

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION TO DISMISS CROSS-APPEALS**

The United States, by and through its counsel of record, hereby files its reply in support of its motion to dismiss defendants' interlocutory cross-appeals for lack of jurisdiction.

## I. ARGUMENT

After concluding that Sigal Chattah was invalidly serving as Acting U.S. Attorney for the District of Nevada under the Federal Vacancies Reform Act (FVRA), the district court disqualified Ms. Chattah from supervising defendants' prosecutions but declined to dismiss the indictments, finding that the invalidity in Ms. Chattah's service did not warrant dismissal. *See* ER-8-39.

The government appealed the portion of the order disqualifying Ms. Chattah. Defendants now attempt to cross-appeal the denial of their request for dismissal, relying on the doctrine of pendent appellate jurisdiction. This Court lacks jurisdiction to review defendants' claims: there is no "pendent appellate jurisdiction" in criminal cases, and even if there were, defendants cannot satisfy that doctrine's stringent standards. Because defendants have failed to carry their burden of establishing jurisdiction, this Court should dismiss their appeals.

### A. A court of appeals may not assume pendent jurisdiction over an appeal from an order denying a motion to dismiss a criminal indictment.

Defendants incorrectly assert (Resp. 10-13) that the doctrine of pendent appellate jurisdiction extends to criminal cases. The Supreme Court rejected such a claim in *Abney v. United States*, 431 U.S. 651 (1977), holding that a court's narrow jurisdiction under the collateral-order doctrine to consider an interlocutory appeal "from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds" "of course" does not mean "that other claims contained in the motion to dismiss are immediately appealable as well," unless those claims independently qualify as appealable collateral orders. *Id.* at 662-63. As the government has previously explained (Mot. to Dismiss 5-11), defendants' claims do not satisfy that standard.

Defendants contend (Resp. 11) that *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35 (1995), establishes that "the same test" for pendent appellate jurisdiction applies to both civil and criminal cases. *Swint* involved a civil suit for damages, *see* 514 U.S. at 37, and did not address the possibility of pendent appellate jurisdiction in the criminal context. The Court observed only that a "concern expressed in *Abney*"—that "a rule loosely allowing pendent appellate jurisdiction would encourage parties to parlay … collateral orders into multi-issue interlocutory appeal tickets"—"bears on civil cases as well." *Swint*, 514 U.S. at 49. The Court's cognizance of that concern in *rejecting* the claim of pendent jurisdiction in *Swint* is hardly an endorsement of such jurisdiction in criminal cases.

This Court has never found that pendent appellate jurisdiction exists in a criminal case. Rather, this Court has dismissed appeals for lack of jurisdiction on the ground that they could not satisfy the "inextricably intertwined" requirement of pendent appellate jurisdiction, and in doing so, has expressly declined to decide whether the doctrine applies in the criminal context. *See United States v. Decinces*, 808 F.3d 785, 792-93 & n.4 (9th Cir. 2015); *United States v. Tillman*, 756 F.3d 1144, 1149 (9th Cir. 2014). Other courts of appeals have reaffirmed, even after *Swint*, that "there is no pendent appellate jurisdiction in

criminal cases." *United States v. Ferguson*, 246 F.3d 129, 138 (2d Cir. 2001); *see* Mot. to Dismiss 13 (citing cases).

**B. There is no basis to exercise pendent appellate jurisdiction over defendants' cross-appeals.**

Even assuming that pendent appellate jurisdiction is available in criminal cases, defendants cannot show that its exercise would be appropriate here, because they fail to satisfy the doctrine's "narrowly construed" requirements and "very high bar" for review. *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1093 (9th Cir. 2007).

1. <u>The issues raised by defendants' cross-appeals are not inextricably intertwined with the issues raised by the government's appeal.</u>

Defendants repeatedly assert (Resp. 18-23) that the portion of the district court's order declining to dismiss their indictments is "inextricably intertwined" with the portion disqualifying Ms. Chattah. But as they acknowledge (Resp. 18), "inextricably intertwined" has a specific meaning in the context of pendent appellate jurisdiction. The term "should be interpreted 'very narrowly,'" *Decinces*, 808 F.3d at 792: even where there is "substantial overlap, both factual and legal," between claims, they are not "inextricably intertwined" if "the outcome of one does not necessarily control the outcome of the other," *Dominguez v. Better Mortgage Corp.*, 88 F.4th 782, 795 (9th Cir. 2023). Rather, "the issues must rely on legal theories that are so intertwined that [the court of

appeals] must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, or resolution of the issue properly raised on interlocutory appeal [must] necessarily resolve [ ] the pendent issue." *Decinces*, 808 F.3d at 792 (internal quotation marks omitted).

That is not the case here. This Court need not decide the dismissal issue in order to review the disqualification issue, nor does resolution of the disqualification issue necessarily resolve the dismissal issue.

a. As previously explained, the invalidity of an Acting U.S. Attorney's service does not necessarily resolve the issue of whether dismissal of an indictment is an appropriate remedy. *See* Mot. to Dismiss 14-16. Indeed, every district court to have considered the issue has determined that even where an individual is unlawfully serving as Acting U.S. Attorney under the FVRA, dismissal is not necessarily warranted. *See* ER-33-37, 39; *United States v. Ramirez*, No. 22-cr-573, 2025 WL 3019248, at *12-20 (C.D. Cal. Oct. 28, 2025); *United States v. Giraud*, No. 1:24-cr-00768, 2025 WL 2416737, at *28-30 (D.N.J. Aug. 21, 2025).

Defendants' reliance on *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. U.S. Dep't of Homeland Sec.*, 107 F.4th 1064 (9th Cir. 2024), does not establish that the two issues are inextricably intertwined for the purposes of pendent appellate jurisdiction. Indeed, *Gonzales* observed that "not every violation of the FVRA

will result in the invalidation of the challenged agency action." *Id.* at 1077. Even assuming defendants are correct that Ms. Chattah's actions are "voidable," that in no way resolves the question of whether dismissal is warranted. *See United States v. Gantt*, 194 F.3d 987, 998 (9th Cir. 1999) (concluding that improper appointment of a U.S. Attorney "would not affect the validity of indictments") (overruled on other grounds). As this Court explained in *Gonzales*, "'[v]oidable' means the action may be challenged, but that the agency may raise defenses based on harmless error or the de facto officer doctrine ... to overcome the consequences of particular FVRA violations." 107 F.4th at 1077. Such challenges—and such defenses—fall outside the FVRA's statutory framework: as explained in the government's principal brief, the FVRA's remedial provision addresses only the exercise of exclusive, non-delegable duties, and the FVRA does not provide a statutory remedy for an improperly-serving officer's exercise of a delegable duty—here, the supervision of defendants' prosecutions. *See* Gov't Principal Br. 37-56. Those questions can be appropriately addressed on appeal from a final judgment of conviction.

Thus, contrary to defendants' claim (Resp. 22-23), the merits argument under the FVRA and their remedial argument are *not* unitary. The disqualification issue "can be resolved without necessarily resolving" the

dismissal issue, and thus "the latter is not inextricably intertwined with the former." *K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 975 (9th Cir. 2015).[1]

b. Defendants next claim that this Court should exercise pendent appellate jurisdiction because the merits of the government's appeal and the remedial question of a separate claim that defendants intend to raise—alleged government misconduct—are intertwined.

That argument falls even further afield. Nothing in the portion of the district court's order that the government is properly appealing—specifically, its ruling disqualifying Ms. Chattah on FVRA and delegation grounds—involves misconduct. Although the district court granted relief on defendants' FVRA claim, the court squarely rejected defendants' claim that government misconduct affected the fairness of their prosecutions, finding "[n]o such violation has occurred in these cases," and thus correctly concluded that dismissal based on *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020), was inappropriate. ER-37.

---

[1] *Armstrong* does not support defendants' argument (Resp. 23 n.5) about the district court's authority to rule on the FVRA issue. *Armstrong* observed that a court "may exercise pendent jurisdiction to consider issues that call into question the district court's *authority to rule on a party's motion for a preliminary injunction*." 789 F.3d at 976 (emphasis added) (brackets and internal quotation marks omitted). That issue is not presented here.

Defendants' misconduct claim does not depend on the question presented in the government's appeal. "[T]wo issues are not inextricably intertwined where their resolution requires application of separate and distinct legal standards—that is, standards that turn on wholly different factors." *Schuman v. Microchip Tech. Inc.*, 139 F.4th 1045, 1055 (9th Cir. 2025) (internal quotation marks omitted). This Court's resolution of whether Ms. Chattah may permissibly supervise defendants' prosecutions under the FVRA and pursuant to delegated authority is entirely separate from the question of whether any government misconduct warranted dismissal of defendants' indictments. Addressing the latter would require the Court to apply a different analysis, as defendants themselves acknowledge. *See* Resp. 24 (describing standard for dismissal based on due process violation). Like defendants' other claims, any allegation of misconduct may properly be raised on appeal from final entry of judgment.

2. <u>That both appeals arise from a single order does not overcome defendants' inability to show that the issues are inextricably intertwined.</u>

Defendants additionally contend (Resp. 13-17) that pendent appellate jurisdiction is appropriate because their cross-appeals arise from the same order as the government's appeal. That is incorrect. Defendants assert that the government is appealing the merits of the FVRA claim and they are simply

raising the corresponding remedial issue. But as previously explained, the remedial question of whether dismissal is warranted extends beyond the question of Ms. Chattah's eligibility under the FVRA, and would require this Court to consider factual findings and legal issues wholly distinct from those raised in the government's appeal, injecting new and unrelated issues into the proceedings. *See* Mot. to Dismiss 15-16.

In any event, the fact that appeals arise from a single order, without more, does not establish a basis for pendent jurisdiction. Courts frequently dispose of multiple issues in a single order, and interlocutory appellate jurisdiction over one issue has never been understood to "encompass other claims presented to, and rejected by, the district court" in the same motion and order. *Abney*, 431 U.S. at 663 (multiple claims raised in single motion to dismiss); *see, e.g.*, *Schuman*, 139 F.4th at 1054-55 (rejecting argument that pendent appellate jurisdiction applied to cross-appeal of single underlying summary judgment order). Defendants cite no example in the criminal context in support of their argument, and in the two out-of-circuit civil cases on which they rely, the courts of appeals' exercise of pendent jurisdiction was based on their determination that the claims were inextricably intertwined, not the fact that the appeals arose from a single order. *See Rocky Mountain Wild v. Dallas*, 98 F.4th 1263, 1283 n.4 (10th Cir. 2024) (finding that "the pendent claim [was] coterminous with, or

subsumed in, the claim before the court on interlocutory appeal"); *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 594-95 (3d Cir. 2004) ("[T]he Washington state law arbitration issue is so closely intertwined with the FAA claim that our taking of pendent appellate jurisdiction over the former is necessary to ensure meaningful review of the District Court's order in its entirety.").

Similarly, in *Bowerman v. Field Asset Servs., Inc.*, 60 F.4th 459 (9th Cir. 2023), this Court determined that the requirements for pendent jurisdiction were satisfied because the issues were "inextricably intertwined with or necessary to ensure meaningful review of final orders on appeal." *Id.* at 480. The statement that "extraordinary circumstances" justified the exercise of pendent appellate jurisdiction, *id.*, simply reflects that such exercise is a "rare event" because the "inextricably intertwined" test is "interpreted very narrowly," *Decinces*, 808 F.3d at 792 (9th Cir. 2015) (internal quotation marks omitted). As already explained, defendants' claim does not satisfy that stringent inquiry.

## II. CONCLUSION

This Court should dismiss defendants' cross-appeals for lack of jurisdiction.

DATED: November 13, 2025

Respectfully submitted,

PAMELA J. BONDI
Attorney General

TODD BLANCHE
Deputy Attorney General

STANLEY WOODWARD
Associate Attorney General

HENRY C. WHITAKER
Counselor to the Attorney General

MATTHEW R. GALEOTTI
Acting Assistant Attorney General

*/s/ Tyler Anne Lee*
TYLER ANNE LEE
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-5593
tyler.lee@usdoj.gov

SIGAL CHATTAH
Acting U.S. Attorney
First Assistant U.S. Attorney

ADAM FLAKE
Assistant U.S. Attorney
Chief, Appellate Division
District of Nevada

## CERTIFICATE OF COMPLIANCE

1. This motion response complies with 9th Cir. Rule 27-1(1)(d) because it does not exceed 10 pages, not including items excluded in accordance with Fed. R. App. P. 32(f).

2. This motion response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

*/s/ Tyler Anne Lee*
TYLER ANNE LEE