Case Nos. 25-6229 & 25-6468

United States Court of Appeals
for the Ninth Circuit

<table>
<tr><td>United States of America,<br><br>    Plaintiff/Appellant/Cross-<br>    Appellee,<br><br>v.<br><br>Shamar Tyrell Garcia,<br><br>    Defendant/Appellee/Cross-<br>    Appellant.</td><td>D.C. No. 2:25-cr-230-RFB<br>District of Nevada<br><br>**Motion to Dismiss Appeals in<br>Mr. Garcia's Case Only**</td></tr>
</table>

Rene L. Valladares
Federal Public Defender
Jeremy C. Baron
Sean A. McClelland
Assistant Federal Public Defenders
411 E. Bonneville Ave. Suite 250
Las Vegas, NV 89101
(702) 388-6577
jeremy_baron@fd.org
sean_mcclelland@fd.org

Counsel for Defendant/Appellee/Cross-Appellant

1

## Argument

Shamar Tyrell Garcia is part of a group of four defendants who are litigating Sigal Chattah's ineligibility to serve as the acting (or de facto acting) U.S. Attorney for the District of Nevada. The government has appealed the district court's disqualification orders, which required Ms. Chattah's disqualification in the four defendants' cases. The four defendants have cross-appealed the district court's decision not to dismiss the defendants' indictments, which the government obtained while Ms. Chattah was improperly leading the office.

Mr. Garcia now wants to withdraw from this group of four defendants so he can seek a resolution of his criminal proceedings without raising issues involving Ms. Chattah's ineligibility. He therefore proposes the Court (1) dismiss the government's appeal in Mr. Garcia's case; (2) dismiss Mr. Garcia's cross-appeal; (3) vacate the district court's disqualification order in Mr. Garcia's case only; and (4) direct the district court to order that Mr. Garcia's motion to dismiss or disqualify be withdrawn in his case only. Such an order would put both parties—Mr. Garcia and the government alike—in the position they would've occupied had Mr. Garcia never filed the motion to dismiss or

disqualify in the first place. The government's appeals in the other three defendants' cases, and the other three defendants' cross-appeals, would remain active and submitted for decision.

Under Appellate Rule 42(b)(2), "[a]n appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." This rule gives the Court authority to dismiss Mr. Garcia's cross-appeal. Under Local Rule 27-9.1, such a motion must "be accompanied by appellant's written consent thereto." Attached to this motion is a declaration signed by Mr. Garcia, as well as a declaration signed by one of the undersigned counsel, confirming Mr. Garcia's decision to pursue this motion.

Under Local Rule 27-9.2, an appellee in a criminal appeal may seek to involuntarily dismiss the appellant's appeal. Here, the government opposes Mr. Garcia's motion to dismiss the government's appeal of the disqualification order in his case only. But it's not clear why the government would take that position. As a condition of this motion, Mr. Garcia consents to having this Court (1) vacate the district court's disqualification order in his case only, and (2) direct the district court to order his motion to dismiss or disqualify be withdrawn in his

case only.  These steps would put both parties—Mr. Garcia and the government alike—in the positions they would've occupied had Mr. Garcia never filed the motion to dismiss or disqualify in the first place.  At that point, Mr. Garcia could pursue a resolution of his criminal proceedings without raising issues related to Ms. Chattah's ineligibility.  Meanwhile, this set of consolidated appeals would remain active and submitted for decision for the other three defendants in the group.  There's no conceivable argument that the government would be prejudiced if one of the four defendants in this group of appeals withdraws from the group in the proposed manner.

## Conclusion

This Court should dismiss the government's appeal, dismiss Mr. Garcia's cross-appeal, vacate the district court's disqualification order in Mr. Garcia's case only, and direct the district court to order that Mr. Garcia's motion to dismiss or disqualify be withdrawn in his case only.

Dated July 21, 2025.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

/s/ Jeremy C. Baron
Jeremy C. Baron
Assistant Federal Public Defender

/s/ Sean A. McClelland
Sean A. McClelland
Assistant Federal Public Defender

5

## Consent to Voluntary Dismissal of Appeal and Cross Appeal

1. My name is Shamar Tyrell Garcia. I'm the defendant/appellee in Case No. 25-6229 (government appeal) and the defendant/cross-appellant in Case No. 25-6468 (defense cross appeal) in the Ninth Circuit Court of Appeals. I'm seeking to dismiss the government's appeal of the district court's disqualification order and my cross-appeal of the district court's failure to dismiss this case with prejudice in these cases under Rule 42 of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 27-9.1 in my case specifically. I consent to this Court vacating the district court's disqualification ruling in my case specifically. I also consent to withdrawing my motion to disqualify and/or dismiss in the district court in my case specifically. I intend to seek a resolution of my criminal case without pursuing issues related to this appeal.

2. During this appeal and cross-appeal, I've communicated with my appellate attorney, Assistant Federal Public Defender Jeremy C. Baron, about the appeal and the issues raised in the appeal and cross-appeal. I've also discussed with Mr. Baron the advantages and disadvantages of pursuing this appeal and dismissing it.

1

3.     As a result of my discussions with Mr. Baron, I understand I have the right to continue litigating this appeal.  I understand the implications and consequences of dismissing these appeals, vacating the district court's disqualification ruling, and withdrawing my motion to disqualify and/or dismiss in the district court.  I understand if these events occur, I will no longer be able to seek the U.S. Attorney's disqualification and/or dismissal of my criminal charges based on the U.S. Attorney's disqualification.

4.     I had a confidential video conference call with Mr. Baron and with my trial attorney, Assistant Federal Public Defender Keisha Matthews, on July 9, 2026 and July 16, 2026, regarding whether to seek to dismiss these appeals, seek to vacate the district court's disqualification ruling, and withdraw my motion to disqualify and/or dismiss in the district court. On those calls, I instructed my attorneys to move to dismiss these appeals.  I'm knowingly and voluntarily making this decision.

Dated: _7 16.26_

_Shamar Garcia_
SHAMAR GARCIA

2

## Declaration of Counsel

I, Jeremy C. Baron, declare under 28 U.S.C. § 1746 as follows:

1. I'm an Assistant Federal Public Defender at the Federal Public Defender, District of Nevada. I'm one of two appellate attorneys assigned to represent Shamar Tyrell Garcia in *United States v. Garcia*, Case Nos. 25-6229, 25-6468 (9th Cir.).

2. On July 9 and July 16, 2026, I had confidential legal video visits with Mr. Garcia along with his assigned trial attorney, Assistant Federal Public Defender Keisha Matthews. During the video visits, we discussed with Mr. Garcia the possible advantages and disadvantages of continuing to pursue the government's appeal and his cross-appeal, as opposed to seeking to dismiss both appeals and seeking a resolution of his criminal case in the district court without raising issues regarding Sigal Chattah's ineligibility to serve as acting (or de facto acting) U.S. Attorney. During both visits, Mr. Garcia instructed me to seek to dismiss both appeals.

3. I advised Mr. Garcia that if the Court were to dismiss both appeals, he would likely be barred from raising any issues regarding Ms. Chattah's ineligibility in future proceedings. I also explained he

1

would need to sign a consent form to confirm his decision to seek to dismiss both appeals. I explained that if I received the signed consent form, I would file a motion to dismiss both appeals along with a copy of his signed consent form.

4. On July 20, 2026, I contacted counsel for the government regarding Mr. Garcia's motion to dismiss both appeals. The government opposes the motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated July 21, 2026.

*s/Jeremy C. Baron*
Jeremy C. Baron
Assistant Federal Public Defender

2