**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant-Cross-Appellee,

v.

SHAMAR TYRELL GARCIA,

Defendant-Appellee-Cross-Appellant.

C.A. Nos. 25-6229 & 25-6468

D.C. No. 2:25-cr-230 (D. Nev.)

**GOVERNMENT'S PARTIAL OPPOSITION TO GARCIA'S MOTION TO DISMISS**

The United States of America, by and through its counsel of record, hereby files its response to defendant Shamar Tyrell Garcia's motion to dismiss the government's appeal and his cross-appeal from the district court's order disqualifying Sigal Chattah from supervising Garcia's prosecution.

The United States has no objection to Garcia's request to voluntarily dismiss his cross-appeal, No. 25-6468. *See* Fed. R. App. P. 42(b)(2). The United States, however, opposes Garcia's motion to dismiss the government's appeal of the disqualification order, No. 25-6229.

## ARGUMENT

Garcia moves for involuntary dismissal of the United States' appeal. *See* 9th Cir. R. 27-9.2. This Court should deny the motion.

1. "So long as our law permits certain interlocutory criminal appeals, [the Court] must protect the appellant's right to present his challenge to the district court's ruling." *United States v. Harris*, 846 F.2d 50, 51 (9th Cir. 1988). The government, as the appellant in this case, is entitled to appeal the district court's adverse ruling disqualifying Sigal Chattah from supervising Garcia's prosecution, pursuant to the collateral-order doctrine. *See United States v. Williams*, 68 F.4th 564, 569-71 (9th Cir. 2023).

Garcia asserts that it is "not clear" why the government would oppose his motion for involuntary dismissal of the appeal, claiming that dismissal would restore the parties to the position they were in before the district court's ruling and that there would be no prejudice to the government because the consolidated appeals of three other defendants will remain pending. Mot. 3. He cites no authority supporting the involuntary dismissal of an opposing party's appeal on such grounds, however, nor are we aware of any.

Garcia chose to seek Ms. Chattah's disqualification and succeeded on that claim in the district court. The government is entitled to appeal that ruling in order to restore Ms. Chattah's authority to oversee Garcia's prosecution. The fact that other defendants received similar relief in the district court, and the government has appealed to restore Ms. Chattah's authority in those cases as well, does not mean that the government lacks an ongoing interest in ensuring

the proper supervision of Garcia's case. Garcia also cannot foreclose the possibility that the other defendants will eventually make the same strategic decision he has and seek to dismiss the government's appeals in their cases. The fact that Garcia is the first mover is not a reason to give him relief that would likely be denied to similarly situated defendants.

2. The disqualification issue presents a live controversy and is not moot. *See Hunt v. Imperial Merchant Services, Inc.*, 560 F.3d 1137, 1141 (9th Cir. 2009) ("The mootness doctrine asks the basic question whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties.") (quotations omitted). Generally, an appeal is moot "when events occur which prevent the appellate court from granting any effective relief even if the dispute is decided in favor of the appellant." *Holloway v. United States*, 789 F.2d 1372, 1373 (9th Cir. 1986) (quotations omitted). That is not the case here. Deciding the dispute in the United States' favor will grant effective relief by allowing Ms. Chattah to supervise Garcia's prosecution, including any forthcoming plea proceedings.

Although Garcia does not explicitly make a mootness argument, he effectively contends that his belated desire to withdraw the disqualification motion will give the government the relief it seeks and therefore obviates the need for a government appeal. That contention lacks merit. For one thing,

Garcia cannot simply withdraw his disqualification motion—which, again, he chose to bring and on which he succeeded in the district court—at this stage because the district court no longer has jurisdiction over that claim. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The district court's ruling remains in effect, the issue remains live, and this Court may still grant meaningful relief to the United States by holding that Ms. Chattah can validly supervise Garcia's case. *See, e.g.*, *National TPS Alliance v. Noem*, 169 F.4th 1170, 1173 (9th Cir. 2026) ("[T]his appeal was not moot when we issued our decision on August 29, 2025. As of that date, the district court's postponement order remained in effect, and we could grant relief to either party by affirming or reversing the district court.").

3. Proceeding to a judgment on appeal is especially appropriate here given that Garcia's belated desire to withdraw his disqualification request does not guarantee that the district court will restore Ms. Chattah to her position as Acting U.S. Attorney. Although courts generally may not decide issues the parties have not raised, *see United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020), courts also "'need not render judgment on the basis of a rule of law whose nonexistence is apparent on the face of things, simply because the parties

agree on it.'" *U.S. National Bank of Oregon v. Independent Insurance Agents of America, Inc.*, 508 U.S. 439, 447 (1993) (quoting *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring)). Having already agreed with Garcia that Ms. Chattah lacks legal authority to serve as Acting U.S. Attorney, it is far from clear that the district court would be willing to reverse course and authorize Ms. Chattah to serve simply because Garcia has decided that it is now in his strategic interest to acquiesce to something he previously argued—and the district court found—was illegal.

4. Moreover, even where an appellant moves to voluntarily dismiss his *own* appeal, the court of appeals has discretionary authority to decline to grant the motion. *United States v. Washington Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978); *see In re Nexium Antitrust Litigation*, 778 F.3d 1, 2 (1st Cir. 2015). The Court may exercise its discretion to deny such a motion where, for example, the case is not moot, the Court has already "invest[ed] time in preparing a decision," or denying dismissal would "curtail strategic behavior." *In re Nexium Antitrust Litigation*, 778 F.3d at 2 (citing Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3988 (4th ed. 2008)) (quotations omitted).

Those considerations all weigh strongly against the *involuntary* dismissal of the government's appeal here. First, as discussed above, the case is not moot. Second, Garcia's motion was not filed until "[a]fter full briefing, extended oral

argument, and several months of deliberation during which the judges of the Court sought to resolve and reconcile the various issues involved." *Ford v. Strickland*, 696 F.2d 804, 807 (11th Cir. 1983) (en banc) (per curiam) (declining to dismiss on ground that defendant's motion was untimely); *see Suntharalinkam v. Keisler*, 506 F.3d 822, 828 (9th Cir. 2007) ("I am aware of no case where a motion for voluntary dismissal was granted when it was filed after the case was argued and submitted for decision.") (Kozinski, J., dissenting). Third, although the government fully credits Garcia's desire to resolve his criminal proceedings, granting involuntary dismissal risks incentivizing strategic behavior from other similarly situated parties in the future, who may attempt to manipulate the appellate process by dropping claims upon which they prevailed below when it appears they may lose on appeal. *See Suntharalinkam*, 506 F.3d at 830 (Kozinski, J., dissenting); *see also Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004) (a "judicial decision created with a significant investment of public resources is not a bargaining chip that the parties may elect to have vacated") (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994)).

Ultimately, Garcia is the party who raised the disqualification claim in the district court and prevailed. That issue remains live, and the government is entitled to appeal the district court's ruling and have this Court resolve the appeal on the merits. Garcia has asserted no basis for preventing the

government's exercise of that right, which the government retains irrespective of whether a similar issue is also pending in the three other consolidated appeals. Additionally, the Court expedited these consolidated interlocutory appeals on the parties' request, which mitigates any likelihood of lengthy delays in resolving Garcia's criminal case.

## CONCLUSION

The Court should deny Garcia's motion to dismiss the United States' appeal, No. 25-6229.

DATED: July 31, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

STANLEY WOODWARD
Associate Attorney General

HENRY C. WHITAKER
Counselor to the Attorney General

A. TYSEN DUVA
Assistant Attorney General

JOSH A. GOLDFOOT
Deputy Assistant Attorney General

SIGAL CHATTAH
First Assistant U.S. Attorney

ADAM FLAKE
Assistant U.S. Attorney
Chief, Appellate Division
District of Nevada

*/s/ Tyler Anne Lee*
TYLER ANNE LEE
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-5593
tyler.lee@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

1. This motion response complies with 9th Cir. Rule 27-1(1)(d) because it does not exceed 20 pages.

2. This motion response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

*/s/ Tyler Anne Lee*
TYLER ANNE LEE