**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant-Cross-Appellees,

v.

DEVONTE DEVON JACKSON,

GIANN ICOB SALAZAR DEL REAL,

JORGE ENRIQUEZ, JR.,

Defendants-Appellees-Cross-Appellants.

C.A. Nos. 25-6214 & 25-6470,
25-6223 & 25-6475,
25-6224 & 25-6465

D.C. Nos. 2:25-cr-240, 2:25-cr-227,
3:25-cr-26 (D. Nev.)

**GOVERNMENT'S MOTION TO STAY THE MANDATE AND THE PANEL JUDGMENT PENDING PETITION FOR CERTIORARI**

Pursuant to Federal Rule of Appellate Procedure 41(d), the United States respectfully moves this Court for an order staying the mandate in these consolidated cases pending the filing of a petition for a writ of certiorari in the United States Supreme Court and any further proceedings in the Supreme Court. *See* Fed. R. App. P. 41(d)(2)(B)(i)-(ii). The United States further respectfully moves this Court for an order staying the panel judgment, in order to stay the precedential effect of the panel decision, pending the filing of a petition for a writ of certiorari and any further proceedings in the Supreme Court. Defendants-Appellees-Cross-Appellants oppose the requested relief.

## I. BACKGROUND

The three defendants in these consolidated cases are charged with felony offenses in the District of Nevada. Defendants moved to disqualify Acting U.S. Attorney Sigal Chattah from supervising their prosecutions on the ground that Ms. Chattah is improperly serving as the Acting U.S. Attorney under the Federal Vacancies Reform Act of 1998 (FVRA), 5 U.S.C. § 3345 *et seq.*, and moved to dismiss their indictments. The district court granted the disqualification request, finding that Ms. Chattah is ineligible to serve as Acting U.S. Attorney under the FVRA and that she cannot supervise defendants' prosecutions as First Assistant U.S. Attorney pursuant to a delegation of authority from the Attorney General. However, the district court denied the request to dismiss the indictments. The government appealed the disqualification, and defendants cross-appealed the denial of dismissal. The district court stayed its disqualification order pending appeal.

On August 17, 2026, a panel of this Court affirmed in part and dismissed in part. *See United States v. Jackson*, No. 25-6214, --- F.4th ---- (9th Cir. 2026). The panel held that Section 3345(a)(1) of the FVRA, which provides that "the first assistant" to a vacant office requiring Presidential nomination and Senate confirmation "shall perform the functions and duties of the office temporarily in an acting capacity," 5 U.S.C. § 3345(a)(1), applies only to a first assistant who

held that position at the time the vacancy arose. *Jackson*, slip op. 15. The panel also held that the FVRA's exclusivity provision, 5 U.S.C. § 3347(b), prohibits the Attorney General from delegating all of the functions and duties of a vacant office to a single person. *Jackson*, slip. op. 34. The panel dismissed defendants' cross-appeals for lack of jurisdiction. *Jackson*, slip op. 34.

Although the time to file a petition for rehearing does not expire until August 31, 2026, the United States government has determined that it will not seek rehearing *en banc* in this Court, in order to seek review expeditiously in the Supreme Court. The Solicitor General has authorized the filing of a petition for a writ of certiorari in this case. *See* 28 C.F.R. § 0.20. A certiorari petition would be due on November 16, 2026, *see* Sup. Ct. R. 13.1, but as explained below, the government intends to file well in advance of that deadline—and no later than October 5, 2026—given the urgency involved. But if this Court denies a stay, the United States intends expeditiously to seek an emergency stay in the Supreme Court.

## II. ARGUMENT

### A. A Stay of the Mandate Is Warranted

1. Federal Rule of Appellate Procedure 41(d) provides that "[a] party may move to stay the mandate pending the filing of a petition for a writ of certiorari in the Supreme Court." Fed. R. App. P. 41(d)(1). A movant "must

show that the petition would present a substantial question and that there is good cause for a stay." *Id.* A stay generally may not exceed 90 days (the time for seeking certiorari), but may be extended if the party notifies the court that "the time for filing a petition has been extended, in which case the stay continues for the extended period," or that "the petition has been filed, in which case the stay continues until the Supreme Court's final disposition." Fed. R. App. P. 41(d)(2)(B)(i)-(ii).

2. A petition for certiorari in this case will present a substantial question. This case presents significant legal questions about the separation of powers, the scope of the FVRA, and the Attorney General's authority to delegate his authority to supervise criminal prosecutions on behalf of the United States. *See United States v. Nixon*, 418 U.S. 683, 694 (1974) ("Congress has vested in the Attorney General the power to conduct the criminal litigation of the United States Government" and "the power to appoint subordinate officers to assist him in the discharge of his duties.").

The Supreme Court has acknowledged the importance of reviewing "rulings that have a significant future effect on the conduct of public officials . . . and the policies of the government units to which they belong." *Camreta v. Greene*, 563 U.S. 692, 704 (2011). And a court decision "dictat[ing] to the executive branch whom it can appoint to serve as its prosecutors" triggers

"weighty separation of powers concerns." *United States v. Silva-Rosa*, 275 F.3d 18, 22 (1st Cir. 2001); *see United States v. Williams*, 68 F.4th 564, 570 (9th Cir. 2023) (explaining that "special solicitude" is "owed to Executive branch prerogatives under the separation of powers") (quotations omitted); *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1366 (9th Cir. 1987) (observing that "[t]he separation of powers mandates judicial respect for the prosecutor's independence," and acknowledging the importance of the Executive Branch's control over criminal prosecutions) (quotations omitted); *cf. Jackson*, slip. op. 23 (noting that the "FVRA was enacted in the wake of a sustained period of 'interbranch conflict' over temporary appointments") (quoting *NLRB v. SW General, Inc.*, 580 U.S. 288, 294-95 (2017)).

Furthermore, the panel decision deepens a circuit conflict over the interpretation of the FVRA. The panel in this case held that the exclusivity provision in Section 3347 of the FVRA bars the Attorney General from delegating all of the functions and duties of a vacant office to a single person. *Jackson*, slip op. 30-34. The Third Circuit has reached the same conclusion. *See United States v. Giraud*, 160 F.4th 390, 402-05 (3d Cir. 2025). As the panel acknowledged, however, the Federal Circuit has held that the FVRA does *not* bar the wholesale delegation of all of an office's delegable powers to a non-acting official. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 35 F.4th 1328, 1336 (Fed. Cir.

2022); see *Jackson*, slip op. 33. The panel decision thus squarely conflicts with *Arthrex*, providing a substantial basis for seeking certiorari. *See* Sup. Ct. R. 10(a).

The panel decision also disrupts settled executive practice. As the government explained in its briefing, it has been the Executive Branch's practice for years to temporarily fill vacancies by appointing new first assistants at the start of a new administration, and both the Office of Legal Counsel and the Government Accountability Office share the view that Section 3345(a)(1) applies to non-incumbent first assistants. *See* Gov't Opening Br. 22-23, 29-30. While the panel decision accorded that practice no weight in reaching its legal conclusion, *see Jackson*, slip. op. 27-28, it did not dispute that its ruling would upset the use of that practice, which has ensured the continued functioning of the Executive Branch in the event of vacancies. The disruption of that important mechanism further illustrates that this case presents a substantial question.

3. Good cause exists to stay the mandate. The panel decision affirming Ms. Chattah's disqualification has profound implications for the enforcement of federal law in the District of Nevada and several other districts in the Ninth Circuit. Absent a stay, the order will disqualify the Executive's choice to lead a critical Executive Branch component and may end up effectively requiring senior leadership of the Department of Justice to oversee almost every

function of the U.S. Attorney's Office, including in these and other criminal cases.

Such disruption of the executive chain of command is a serious and irreparable injury. *See Williams*, 68 F.4th at 570 (recognizing that "the effect of any attorney disqualification order is fairly irreversible because it materially change[s] the party's position" and "[a]fter a final judgment, it will be too late . . . to undo any improper encroachment on the Executive branch's prosecutorial prerogatives") (quotations omitted); *cf. American Fed. of Gov't Employees, AFL-CIO v. Trump*, 148 F.4th 648, 654 (9th Cir. 2025) ("We acknowledge the harms involved in denying the duly elected branches the policies of their choice.") (brackets and quotations omitted). Because the panel decision will materially affect the government's position with respect to supervising and prosecuting these cases, a stay is warranted to prevent irreparable harm while the government promptly seeks Supreme Court review.

Additionally, the district court stayed its order in this case disqualifying Ms. Chattah from supervising defendants' prosecutions, and that order will remain stayed until the mandate issues. A stay of the mandate while the government seeks further review of the panel decision thus will preserve the status quo that even the district court recognized was appropriate pending final

resolution of the appeal. Good cause therefore exists to stay the mandate pending the filing of a petition for certiorari.

### B. A Stay of the Judgment in Order to Stay the Precedential Effect of the Panel Decision Is Warranted

In addition to a stay of the mandate, the government respectfully requests that the Court stay its judgment and therefore the precedential effect of the panel decision in *Jackson* until the Supreme Court has an opportunity to weigh in. This request, though unusual, is warranted here because the panel decision affects the ability of the heads of four U.S. Attorney's Offices within the Ninth Circuit to continue supervising criminal matters within their districts. The precedential effect of the panel decision thus reaches far beyond the effect of the mandate in these three defendants' cases.

Even if this Court were to grant a stay of the mandate, that is not sufficient to limit the panel decision's precedential effect. As this Court has explained, a published opinion is precedential upon its issuance. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017); *cf.* 9th Cir. R. 36-3(a) (court's unpublished dispositions are not precedential). However, the Supreme Court has recognized that such precedential effect flows from the court of appeals' judgment. *See O'Connor v. Donaldson*, 422 U.S. 563, 577 n.12 (1975) ("Of necessity our decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect, leaving this Court's opinion and judgment as the sole law of

the case."); *see also Camreta*, 563 U.S. at 712-13 (explaining that when a case becomes moot pending appeal, vacating the judgment below pursuant to *United States v. Munsingwear*, 340 U.S. 36 (1950), prevents the decision below from "spawning any legal consequences") (quotations omitted). In *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982), the Supreme Court stayed for several months its own judgment invalidating the bankruptcy court system to "afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." *Id.* at 88; *see also Buckley v. Valeo*, 424 U.S. 1, 142-43 (1976) (staying judgment for 30 days to "afford Congress an opportunity to reconstitute the [Federal Elections] Commission by law or to adopt other valid enforcement mechanisms without interrupting enforcement of the provisions the Court sustains").

Similarly, here, a stay of this Court's judgment will afford the Supreme Court the opportunity to consider this case without impairing the functioning of U.S. Attorney's Offices and the enforcement of criminal law in this Circuit. Such a stay is warranted in the interest of judicial economy. As explained above, the panel decision has serious implications for the supervision of multiple U.S. Attorney's Offices. In the immediate aftermath of the panel decision, courts within this Circuit have raised questions about the effect of this Court's

decision—including, in at least one district, directing magistrate judges to question AUSAs at every initial appearance about their authority to prosecute the case—and at least one defendant has already sought to disqualify Ms. Chattah from supervising his prosecution mid-trial.[1] The government anticipates that these issues will arise in many more cases absent a stay. Rather than requiring litigation in each of those cases and repeated individual requests for stays in the Ninth Circuit, the government respectfully requests that the Court stay the panel decision's precedential effect until the Supreme Court can weigh in.

In making this request, the government simply seeks to maintain the status quo while it seeks Supreme Court review. *See Mi Familia Vota v. Fontes*, 111 F.4th 976, 984 (9th Cir. 2024) (per curiam) ("A judicial stay is ordinarily a mechanism to preserve, not upset, the status quo pending appeal."). Again, the district court's disqualification order will remain stayed until the mandate issues. Staying the precedential effect of the panel decision will likewise maintain the status quo in other cases and in other districts currently being supervised by First Assistant U.S. Attorneys while the government seeks further review.

---

[1] *See, e.g.*, Motion to Dismiss, *United States v. Kovar*, No. 2:25-cr-28 (D. Nev. Aug 19, 2026).

### C. Timing

Given the urgency involved in this case, the United States intends to forgo *en banc* review and seek certiorari expeditiously—well in advance of the November 16, 2026, deadline and no later than October 5, 2026. *See* Sup. Ct. R. 13.1. That timing would, in the ordinary course, permit the Supreme Court to resolve the case in its October 2026 Term.

If this Court does not grant a stay, the United States intends to seek emergency relief from the Supreme Court to avoid the destabilizing interim effects of this Court's ruling while the government seeks Supreme Court review.

## III. CONCLUSION

For these reasons, the government respectfully requests that the Court stay the mandate—as well as the precedential effect of the panel decision flowing from the panel judgment—pending the filing of a petition for a writ of certiorari and any further proceedings in the Supreme Court.

The United States has conferred with counsel for defendants, Jeremy Baron, who opposes the requested relief.

DATED: August 20, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

STANLEY WOODWARD
Associate Attorney General

HENRY C. WHITAKER
Counselor to the Attorney General

A. TYSEN DUVA
Assistant Attorney General

JOSH A. GOLDFOOT
Deputy Assistant Attorney General

/s/ *Tyler Anne Lee*
TYLER ANNE LEE
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-5593
tyler.lee@usdoj.gov

SIGAL CHATTAH
First Assistant U.S. Attorney

ADAM FLAKE
Assistant U.S. Attorney
Chief, Appellate Division
District of Nevada

## CERTIFICATE OF COMPLIANCE

1. This motion complies with 9th Cir. Rule 27-1(1)(d) because it does not exceed 20 pages.

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

/s/ *Tyler Anne Lee*
TYLER ANNE LEE